JOHN E. CASPERSON, OSB No. 222434
LAFCADIO DARLING, OSB No. 220665
HOLMES WEDDLE & BARCOTT, P.C.
3101 Western Avenue, Suite 500
Seattle, WA 98121
Telephone: (206) 292-8008
Email: ldarling@hwb-law.com

Attorney for Plaintiff NBSD, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NBSD, LLC,<br><br>Plaintiff,<br><br>v.<br><br>The Vessel YTL431, its Engines, Machinery, Appurtenances, etc., *In Rem*,<br><br>Defendant. | IN ADMIRALTY<br><br>Case No. 3:25-cv-01161-AN<br><br>**PLAINTIFF'S SECOND MOTION SEEKING ORDER APPOINTING SUBSTITUTE CUSTODIAN** |

## RELIEF REQUESTED

Plaintiff NBSD, LLC submits this second Motion to this Court for an Order appointing **Vessel Management Company LLC** ("VMC") as a Substitute Custodian of the Vessel known as YTL431 ("YTL431" or "the Vessel") currently located at or near Pier 39 in Astoria, Oregon, pursuant to the Supplemental Rules for Admiralty and Maritime Claims to the Federal Rules of Civil Procedure. This Motion is supported by the

Declaration of Jamie O'Neill on behalf of VMC, the proposed Substitute Custodian ("O'Neill Declaration") and the pleadings and records on file herein.

**SALIENT FACTS**

On July 3, 2025, Plaintiff filed a Complaint, *in rem* and *in personam*, seeking to collect on debts for necessaries provided to the Vessel and foreclose on NBSD's lien rights in accordance with the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31341-31342, and general maritime law. Along with the Complaint, Plaintiff moved for a warrant of arrest for the *in rem* Defendant Vessel,[1] and also to appoint Salvage Chief LLC as substitute custodian following arrest.[2] These motions were subsequently granted.[3]

Following the filing of the Complaint and the issuance of these orders, two developments hindered Plaintiff's pursuit of this action: (1) it discovered that *in personam* Defendant Vera had recently sought personal bankruptcy protection in the Southern District of Florida, and (2) Salvage Chief LLC determined that it was unable to procure insurance sufficient to provide the protection required by the Marshal.

To remedy the first issue, Plaintiff sought leave to file an Amended Complaint to only assert claims *in rem* against the Vessel.[4] Leave was granted[5] and on February 25, the

---

[1] See Motion for Order to Arrest Vessel (Dkt. 5).
[2] *See* Motion Seeking Order Appointing Substitute Custodian (Dkt. 6).
[3] See Dkt. 8 and Dkt. 10.
[4] Dkt. 11.
[5] Dkt. 13.



HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

Amended Complaint was filed herein.[6]

To address the second issue, Plaintiff has secured the services of VMC, which has agreed to act as Substitute Custodian, to assume the responsibility of safekeeping the Vessel, and to facilitate access, moorage/storage, movement of the Vessel as necessary. VMC has experience and capability to act as Substitute Custodian of the Vessel, has been appointed as a substitute custodian in this District on multiple prior occasions, and is willing to do so here.[7] VMC has no interest in the Vessel or in the outcome of the litigation in which the Vessel will be under arrest.[8] VMC also holds sufficient insurance to satisfy the requirements to act as a substitute custodian in this District.[9]

The compensation to be charged by VMC is as follows:

- An initial $2,000 for vessel arrest, inventory, and securing of the Vessel, inclusive of travel time;
- A fee of $1,000 per year to cover vessel custodial insurance costs;
- A daily custodial charge of $75/day;
- All costs and expenses incurred in connection with the custody of the Vessel will be charged at cost; and
- For any unanticipated additional time spent acting as custodian (such as a repair

---

[6] Dkt. 14.

[7] O'Neill Declaration at ¶¶1-4.

[8] O'Neill Declaration at ¶3.

[9] O'Neill Declaration at ¶6 and **Exhibit 1**.



HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

issue, movement of the vessel, or other similar task), VMC will charge $200/hour per person for those additional tasks.[10]

The Substitute Custodian will provide both routine services required for the safekeeping of the Vessel, will permit and supervise any access as authorized, and will supervise any maintenance or movement if such is required for the safety and security of the Vessel.

VMC maintains liability insurance, naming the U.S. Marshal's Service as an additional insured, through Great American Insurance Company, which is additional to any insurance that may be procured by the U.S. Marshal.[11] Upon information and belief, the Marshal is unable to perform or have the services performed at comparable rates.[12]

The Vessel will not be moved unless reasonably necessary for the custody and safekeeping of the Vessel and, in that case, only with the prior knowledge, consent, and supervision of VMC. No person except the Substitute Custodian will be allowed to enter or board the Vessel without the Custodian's advance knowledge and permission except as may be ordered by this Court. In the case of any inspection or entry onto the Vessel, the entrant shall first sign the Waiver form attached as **Exhibit 2** to the Declaration of Jamie O'Neill.[13] The Substitute Custodian or its agents or representatives may enter the Vessel as necessary for approved inspection, repair/maintenance, movement, safekeeping and to

---

[10] O'Neill Declaration at ¶5.

[11] O'Neill Declaration at ¶6 and **Exhibit 1**.

[12] O'Neill Declaration at ¶5.

[13] O'Neill Declaration at ¶7.



HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

allow reasonable access to the Vessel as needed to adequately protect and keep the Vessel while under arrest.[14]

It is expressly understood that Plaintiff agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the Vessel.

Plaintiff NBSD, LLC will pay all charges, fees or expenses for the safekeeping, custody, shifting, movement, repair or other expenses incident to the arrest and custody of the Vessel YTL431, which shall be considered costs of arrest and *custodia legis* under maritime law.

Therefore, NBSD respectfully requests that the Court issue a second order Appointing Substitute Custodian, which expressly supersedes the prior order and which designates VMC as the Substitute Custodian for the Vessel upon arrest.

A form or proposed order is provided herewith.

DATED this 26th day of February, 2026.

HOLMES WEDDLE & BARCOTT, P.C.

*s/ Lafcadio H Darling*
Lafcadio Darling, OSB No. 220665
John E. Casperson, OSB No. 222434
Attorney for Plaintiff NBSD, LLC

---

[14] O'Neill Declaration at ¶5.



HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008 | FAX (206) 340-0289